## AUSTRAL SALES CORPORATION v. JAMESTOWN METAL EQUIPMENT CO., Inc.

### No. 2010.

District Court, W. D. New York.

May 4, 1942.

See, also, D.C., 41 F.Supp. 508.

Bohleber, Fassett & Montstream, of New York City, for plaintiff.

Rogerson, Clary & Hewes, of Jamestown, N. Y. (Austin & Seabury, of New York City, of counsel), for defendant.

KNIGHT, District Judge.

This matter comes before me on the question of the amount of the royalty to which the plaintiff is entitled as damages. This suit is for patent infringement. There was a consent decree. There was a single sale in which the defendant infringed. Plaintiff's patents in suit generally relate to metalic school wardrobes and the means for mounting their doors for movement and locking mechanism.

The actual selling price of the wardrobe was $28,562. Included in this, however, there was certain steel shelving not covered by the patent. The actual selling price of the infringed device and equipment, other than shelving, was $26,964. The court took a very considerable testimony touching the question of the reasonable royalty of fairly comparable devices or structures. There is a great difference in the estimate of such royalty as made by the witness produced by the plaintiff and that produced by the defendant.

I find that the reasonable royalty upon this product based on the price at which it was sold, and not the price at which it might have been sold by other manufacturers, is $3,370.50, or 12½ percent. Plaintiff may have judgment in that amount.